KEYES, Respondent, v. CARLTON et al, Appellants.

(224 N. W. 935.)

(File No. 6693.   Opinion filed April 13, 1929.)

*R. P. Carlton,* of Huron, for Appellant.

*Buell F. Jones,* Attorney General, and *Donald B. Montgomery,* Assistant Attorney. General, for Respondent.

CAMPBELL, J.   By order of the circuit court of Sanborn county duly made and entered in the above-entitled cause on April

25, 1927, one D. H. Brewster was appointed as receiver of such court to take charge and possession of a certain farm in Sanborn county belonging to Elmer E. Carlton, and having qualified by giving the requisite bond, entered into such possession. Brewster as receiver leased the farm in question to Elmer E. Carlton for the season of 1927, which lease expired March 1, 1928. On January 26, 1928, Brewster as receiver caused to be served upon Carlton a notice in writing advising the said Carlton that his lease would terminate and expire on March 1, 1928, and demanding that on that date he quit the premises and surrender possession thereof as tenant to Brewster as receiver. After the service of such notice to quit, and in February, 1928, Carlton procured an order directing Brewster as receiver to show cause before the court why a lease for the farming season of 1928 upon the premises in question, which Brewster as receiver had meanwhile given to a third person, should not be canceled and disapproved, and why Carlton should not be permitted to use, farm and occupy the premises in question during the farming season of 1928. This matter duly came on for hearing before the court, at which hearing Carlton appeared in person and by his attorney, and Brewster as receiver appeared personally and by his attorney, and the court, having considered the matter, approved the lease for the season of 1928 previously given by Brewster to one Hodson, and in all things denied the motion of the defendant Carlton, and entered the following order:

"Now, therefore, on motion of the said receiver, it is by the court ordered that defendants motion be and the same hereby is in all things denied and disallowed.

"It is further ordered and adjudged that the lease and contract made by the said receiver D. H. Brewster, on or about January 26th, 1928, and covering the said premises as hereinbefore described, for the year 1928, commencing on March 1st, 1928, be and the same hereby is approved, and the said defendant, Elmer E. Carlton, is directed, ordered, and commanded to turn over and deliver the possession of the said premises to the said receiver, and the said E. L. Hodson on or before the 1st day of March, 1928, and to thereafter refrain from in any manner interfering with the possession of the said receiver or of the said E. L. Hodson, in and to said premises, or the use or occupation of the same during the period of said receivership, or until the further order of this court."

Said order was duly attested and filed, and on February 24, 1928, a true copy thereof was personally served on the defendant Carlton by the sheriff of Sanborn county.

On March 2, 1928, the receiver Brewster drove out to the Carlton farm to see if the place was vacated and ready for the occupancy of the new tenant Hodson, reaching the farm about 10 o'clock in the forenoon. He saw the defendant Carlton on the premises and was informed by Carlton that he had vacated the premises and that Hodson could move on. Thereupon, Brewster stepped back to his automobile, which was standing on the premises, and as he had one foot on the running board ready to get into the car, the defendant Carlton, without cause, excuse, or justification assaulted him, knocking him down, jumping on him, etc., to his considerable physical injury.

Thereupon, contempt proceedings were instituted against Carlton, pursuant to application of the receiver.

Upon the hearing the court found the facts substantially as above recited, and found that the assault in question was in no manner encouraged by any acts of the receiver Brewster, and that the acts of the defendant Carlton were knowingly and maliciously done, and the court concluded as a matter of law:

"That the acts and conduct on the part of the defendant Elmer E. Carlton, was knowingly and maliciously done, and con-stituted and was a willful disobedience of a lawful order of this court.

"That such assault against the said receiver, D. H. Brewster, constitutes and was an assault against an officer of this court, while in the discharge of his official duties, and constitutes and was a contempt of this court.'

The court entered its order adjudging the defendant to be guilty of contempt and that he be committed to jail for a period of 90 days and pay a fine of $500, to which order the defendant duly excepted, and from which order he has now appealed.

Appellant maintains that he was never served with a copy of the order appointing Brewster as receiver. We believe this is immaterial, inasmuch as the record affirmatively indicates the full and complete actual knowledge of appellant in this regard. He leased the premises for the year 1927 from Brewster as receiver

and brought him into court as such receiver on February 18, 1928, in an effort to secure from him as such receiver a lease for the year 1928. It clearly and affirmatively appears from the record that Brewster was in fact the receiver of the court and that appellant knew it, and that Brewster was lawfully and legitimately at the premises in question on March 2, 1928, as such receiver and in the discharge and performance of his duties as an officer of the court, and that appellant was at all times fully advised of those facts.

When appellant willfully and unjustifiably made an assault upon the receiver, under the circumstances of this case, it was not only a violation of the court's order of February 18, 1928, which had been duly and personally served upon the defendant, but it was likewise an actual physical interference with the possession of the receiver as an officer of the court and a malicious and wullful assault upon an officer of the court in the performance of his official duties. That such assault constituted a contempt of the court and an interference with the possession of the court and with its officer in the discharge of his duties is entirely plain. See In re Fountain, 182 N. C. 49, 108 S. E. 342, 18 A. L. R. 208.

That such conduct under such circumstances is contemptuous and insolent, and has a direct tendency to subvert and embarrass the orderly procedure of the court and the administration of justice, is entirely clear. Certainly a court has an inherent power to protect its officer in the performance of his duty against the unjustifiable assault of a party to the proceeding. See Ex parte McLeod (D. C.) 120 F. 130. In State v. Knight, 3 S. D. 509, 54 N. W. 412, 44 Am. St. Rep. 809, this court said: "While we have jurisdiction to review an order punishing for a criminal contempt, so far as to ascertain whether the court inflicting the punishment had jurisdiction, and as to whether the words or acts charged constitute a contempt, yet the decision of the court making it is not to be lightly reversed. It ought not to be reviewed unless it is apparent that no contempt has been committed, or that the court exercised its authority in a capricious, oppressive, or arbitrary manner."

There is no question but that the acts of appellant constituted a contempt, and we see no indication that the court exercised its authority in a capricious, oppressive, or arbitrary manner.

We find no error in the record, and the order appealed from is affirmed.

MISER, C., sitting in lieu of BROWN, J., absent.

SHERWOOD, P. J., and POLLEY, BURCH, and MISER, JJ., concur.